1  H. MARC RUPP #198871
   HOWARD M. RUPP, APLC
2  615 N PAULINA AVE.
   REDONDO BEACH, CA 90277
3  Telephone: (310) 903-8497
   Facsimile:  (310) 733-5663
4
5  SCOTT S. BALBER (pro hac vice)
   Scott.Balber@hsf.com
6  Jonathan Cross (pro hac vice)
   Jonathan.Cross@hsf.com
7  HERBERT SMITH FREEHILLS NEW YORK LLP
   450 Lexington Avenue
8  New York, NY 10017
   Telephone: (917) 542-7600
9  Facsimile: (917) 542-7601

10 *Counsel for Defendant and Cross-Claimant*
   *RENAISSANCE REINSURANCE U.S. INC.;*

11 *Counsel for Defendant in Related Action*
    *EQUINOX MANAGEMENT INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ADVANCED RISK MANAGERS, LLC,<br><br>  Plaintiff and<br>  Counter-Defendant,<br>vs.<br><br>RENAISSANCE REINSURANCE U.S. INC.,<br><br>  Defendant and<br>  Counter-Claimant. | Case No. 3:18-cv-00264-JST<br><br>**DECLARATION OF H. MARC RUPP IN SUPPORT OF ADMINISTRATIVE MOTION TO RELATE CASES**<br>Action Filed: December 12, 2017<br><br>Judge: The Hon. Jon S. Tigar<br>Dept: Courtroom 9 |

1

I, H. Marc Rupp, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I make this declaration upon personal knowledge and am competent to testify to the facts set forth herein.

2. I am the counsel for Equinox Management Group, Inc. ("Equinox"), the defendant in *Advanced Risk Managers, LLC v. Equinox Management Inc.*, Case No. 4:19-cv-03532-DMR, filed in this district on June 19, 2019 (the "Equinox Action"). I am also, pending a forthcoming notice of appearance, the counsel for Renaissance Reinsurance US, Inc. ("Renaissance") in *Advanced Risk Managers, LLC v. Renaissance Reinsurance U.S. Inc.*, Case No. 3:18-cv-00264-JST, filed in this District on January 11, 2018 (the "Renaissance Action").

3. I submit this Declaration in support of Equinox's Administrative Motion to Relate Cases. I further submit two exhibits in support of the Administrative Motion: (1) the Complaint filed by Advanced Risk Managers, LLC ("ARM") in the Equinox Action, is attached to this Declaration as Exhibit A, and; (2) the Mutual Release Agreement signed by Equinox, Advanced Risk Managers, LLC ("ARM") and Renaissance is attached as Exhibit B.

4. Civil Local Rule 3-12 requires that this Administrative Motion to Relate Cases be promptly filed. On August 12, 2019, I contacted via email Edwin K. Prather and Sybil Renick, counsel for Plaintiff ARM, to notify them that we planned to file a Related Case Notice and Administrative Motion, and asked whether his client would agree to stipulate that the cases were related. In consideration of Civil L.R. 3-12(a)'s requirement that a party must promptly file an Administrative Motion to Consider Whether Cases Should be Related, I informed Plaintiff's Counsel that we planned to file by August 14, 2019 to comply with Civil L.R. 3-12(a). Ms. Renick telephoned me on August 14, 2019 to inform me that Plaintiff ARM's position is that the Equinox Action and the Renaissance Action are not related. Accordingly, a stipulation could not be obtained prior to filing of the Administrative Motion.

5. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 14 August 2019, in Redondo Beach, California.

*M. Rupp*
―――――――――――
H. Marc Rupp
Attorney for Defendant EQUINOX
MANAGEMENT GROUP, INC.

Exhibit A

EDWIN K. PRATHER (Cal. Bar No. 190536)
SYBIL L. RENICK (Cal. Bar No. 213149)
PRATHER LAW OFFICES
245 Fifth Street, Suite 103
San Francisco, California 94103
Telephone:   415-881-7774
Email: Edwin@pratherlawoffices.com
Email: Sybil@pratherlawoffices.com

Attorneys for Plaintiff
ADVANCED RISK MANAGERS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED RISK MANAGERS, LLC, a California limited liability company,<br><br>              Plaintiff,<br><br>     v.<br><br>EQUINOX MANAGEMENT GROUP, INC., a Delaware corporation,<br><br>              Defendant. | Case No.<br><br>**COMPLAINT OF PLAINTIFF ADVANCED RISK MANAGERS, LLC FOR:**<br><br>1. **Breach of Contract**<br>2. **Breach of the Implied Covenant of Good Faith and Fair Dealing**<br>3. **Declaratory Relief** |

## **PARTIES**

1.   Plaintiff Advanced Risk Managers, LLC ("ARM") is a California limited liability company with a principal place of business in San Francisco, California.

2.   Defendant Equinox Management Group, Inc. ("Equinox") is an insurance company incorporated in Delaware with its principal place of business located in New Jersey.

///

///

**JURISDICTION AND VENUE**

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). ARM and Equinox are citizens of different states, and the amount in controversy exceeds $75,000.

4. ARM is a California limited liability company with a principal place of business in San Francisco, California. ARM's member is Mimi Choi, a citizen of California, and, therefore, ARM is a citizen of California for diversity purposes.

5. Equinox is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Oradell, New Jersey. Equinox is therefore a citizen of both the State of Delaware and the State of New Jersey for diversity jurisdiction purposes.

6. Venue in the Northern District of California is proper because a substantial part of the events and omissions giving rise to the claims in this matter occurred in San Francisco County. 28 U.S.C. §1391(b)(2); see also, 28 U.S.C. § 84(a) (providing that the Northern District of California includes San Francisco County).

**INTRADISTRICT ASSIGNMENT**

7. A substantial part of the events and omissions which give rise to the claims in this action occurred in San Francisco County. Pursuant to Local Rule 3-2(c), (d), this action should be assigned to either the San Francisco Division or the Oakland Division of this Court.

**GENERAL ALLEGATIONS**

8. Advanced Risk Managers, LLC ("ARM" is an insurance consulting firm based in San Francisco, California. Founded in 2007, ARM reviews and evaluates insurance companies' business processes and audits their claims handling to identify cost savings for those companies.

9. Equinox Management Group, Inc. ("Equinox") is involved in the business of managing insurance claims.

10. In September 2015, ARM and Equinox entered into an Agreement for Consulting Services under which ARM agreed to provide certain consulting services for Equinox. The parties' agreement (the "Agreement") is attached as Exhibit A.

11. The Agreement authorized ARM to manage certain catastrophic claims notifications, provide ongoing claims reserves evaluation, and perform large claims integrity review and negotiation, including identifying overbilling and potential billing errors, to maximize claims savings and cost utilization. Exhibit A at 5-6.

12. The Agreement set the rate that Equinox is obligated to pay to ARM for the large claims integrity review and negotiation, including the auditing to find areas of overbilling an other potential billing errors in the specified claims, at 28% of net claims savings when the review was used to facilitate post-payment adjudication, settlement or resolution of a claim. The parties agreed the other services being provided by ARM are to be billed at $195/hour. Exhibit A at 5-6.

13. ARM performed the services as requested by Equinox pursuant to the Agreement. ARM's work consisted of auditing 37 claims to identifying overbilling and potential billing errors. ARM's audit created savings in the amount of $8,812,123.71 for Equinox. Thus, the potential net saving fees that Equinox owes to ARM is $2,467,394.64, which is 28% of the validated savings created by ARM's audit.

14. In November 2018, after ARM completed its services as requested by Equinox under the Agreement, ARM contacted Equinox and requested that it provide the amount of net savings it achieved from using the audit of claims performed by ARM, in order for ARM to prepare its invoices to Equinox. Under the Agreement, information from Equinox regarding the final net savings amount achieved is necessary in order for ARM to calculate its fee rate of 28% of net savings and invoice Equinox for that amount.

15. Despite repeated requests, Equinox has failed and refused to provide the net savings information thereby preventing ARM from calculating the amount of service fees (28% of the net savings) that Equinox owes to ARM for the claims audited by ARM.

16. On January 23, 2019, Equinox's attorney sent a letter to ARM's attorney noting that Equinox had received ARM's request for the information regarding the "final outcome" for claims for which ARM provided its consulting services under the Agreement in order for ARM to invoice Equinox (the "January 23, 2019 Letter from Equinox"). The letter states that Equinox asked its

attorney to respond to ARM's request as set forth in the letter. A copy of the January 23, 2019 Letter from Equinox is attached as Exhibit B.

17. In the January 23, 2019 Letter from Equinox, counsel for Equinox refers to a Release Agreement between Equinox, Renaissance Reinsurance US Inc. ("Renaissance") and ARM that was effective October 17, 2018. As set forth in this letter, Equinox is taking the position that ARM released Equinox from all claims that existed as of the effective date of the Release Agreement, including any claims of which ARM was unaware. Equinox contends that the claims services provided by ARM pursuant to Agreement have therefore been released and discharged. Equinox therefore is refusing to provide the requested information to ARM (which prevents ARM from submitting invoices to Equinox for the 28% of costs savings). Exhibit B.

18. ARM disagrees that it released and discharged its present claims for amounts due under the Agreement in connection with the Release Agreement between Equinox, Renaissance and ARM. The Release Agreement involved a lawsuit that ARM brought against Renaissance for breach of an agreement between ARM and Renaissance and had nothing to do with the Agreement between ARM and Equinox that is the subject of the present lawsuit. ARM's present claims did not exist as of the effective date of the Release Agreement, and the parties did not intend for the Release Agreement to release and discharge any future claims that may arise out of the separate Agreement between ARM and Equinox that is the subject of this lawsuit.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

19. ARM repeats, re-alleges, refers to and incorporates herein by reference Paragraphs 1 through 18 above, inclusive, as though fully set forth herein.

20. ARM and Equinox signed the written Agreement. The Agreement is an enforceable contract between the parties.

21. ARM completed the audit and review of specific claims as directed by Equinox and required by the Agreement. ARM fulfilled all of its obligations under the terms of the Agreement. ARM's audit created savings in the amount of $8,812,123.71 for Equinox. Thus, the potential net

saving fees that Equinox owes to ARM is $2,467,394.64, which is 28% of the validated savings created by ARM's audit.

22. Under the Agreement, Equinox is required to compensate ARM for consulting services at the rate of 28% of net claims savings achieved by Equinox for certain claims reviewed or audited by ARM when such review or audit was used by Equinox in negotiating settlement or resolution of such claims. These payment terms necessarily require Equinox to provide ARM with information regarding the final cost savings it achieved for the claims reviewed by ARM in order for ARM to invoice Equinox for the consulting services ARM provided.

23. Equinox has refused to provide the required net savings information to ARM. Equinox has advised that it will not provide this information to ARM and that it will not pay any sums due to ARM under the Agreement.

24. Under the Agreement, Equinox is also required to compensate ARM at the rate of $195/hour for certain claims management services. Equinox has informed ARM that it will not pay any sums due to ARM under the Agreement.

25. Upon information and belief, the negotiated savings achieved by Equinox utilizing ARM's services is $8,812,123.71, and the resulting 28% of that amount, which is owed to ARM, is $2,467,394.64.

26. ARM has suffered damages in an amount in excess of hundreds of thousands of dollars, the total amount to proven at trial of this matter.

27. Equinox has breached the Agreement by refusing to provide ARM information needed in order for ARM to invoice Equinox for amounts due under the Agreement, and failing to pay amounts due to ARM under the Agreement. This breach has caused ARM harm.

**SECOND CAUSE OF ACTION**

**(Anticipatory Breach of Contract)**

28. ARM repeats, re-alleges, refers to and incorporates herein by reference Paragraphs 1 through 27 above, inclusive, as though fully set forth herein.

29. As set forth above, Equinox has breached the Agreement by clearly and positively indicating, but its words and conduct, that it will not meet the requirements of the Agreement. Equinox had advised and informed ARM that it will not provide ARM with information regarding Equinox's net savings for certain claims reviewed or audited by ARM, thereby preventing ARM from calculating the 28% of net savings that is due to ARM under the Agreement. ARM is not able to prepare its invoices for these amounts due from Equinox without this information. Equinox has further clearly and positively indicated that it will not pay any invoices submitted by ARM for fees due under the Agreement.

30. Upon information and belief, the negotiated savings achieved by Equinox utilizing ARM's services is $8,812,123.71, and the resulting 28% of that amount, which is owed to ARM, is $2,467,394.64.

### THIRD CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

31. ARM repeats, re-alleges, refers to and incorporates herein by reference Paragraphs 1 through 30 above, inclusive, as though fully set forth herein.

32. ARM and Equinox signed the Agreement. The Agreement is an enforceable contract between the parties.

33. ARM has completed its audit and review of specific claims as directed by Equinox and pursuant to the terms of the Agreement. ARM fulfilled all of its obligations under the terms of the Agreement.

34. Under the Agreement, Equinox is required to provide ARM with information regarding Equinox's net savings in connection with certain claims reviewed or audited by ARM in order for ARM to invoice Equinox for its consulting fees.

35. Equinox has refused to provide the required net savings information to ARM. Equinox has advised that it will not provide this information to ARM and that it will not pay any sums due to ARM under the Agreement.

36. Equinox has unfairly interfered with ARM's right to receive the benefits under the Agreement.

37. Equinox's actions and omissions as set forth above are in breach of its duties of good faith and fair dealing, and have unfairly interfered and continue to unfairly interfere with ARM's right to receive the benefits of the Agreement.

38. Equinox's breaches of the implied covenant of good faith and fair dealing related to the Agreement caused harm to ARM.

## FOURTH CAUSE OF ACTION

**(Declaratory Relief)**

39. ARM repeats, re-alleges, refers to and incorporates herein by reference Paragraphs 1 through 38 above, inclusive, as though fully set forth herein.

40. An actual controversy exists regarding the parties' rights and obligations under the Agreement and under a separate Release Agreement. Equinox is refusing to perform under the Agreement because it contends that under a separate Release Agreement between ARM, Renaissance and Equinox, ARM released and discharged Equinox from any claims ARM may have in connection with the Agreement. ARM disputes this contention.

41. Rather, ARM contends that its present claims against Equinox did not exist as of the effective date of the Release Agreement, and that the parties did not intend for the Release Agreement to release and discharge any future claims the parties may have in connection with Agreement that is the subject of this lawsuit.

42. Based on the foregoing, there is actual dispute regarding the parties' rights and obligations under the Agreement and this controversy is ripe.

43. ARM therefore seeks declaratory relief as set forth below.

## PRAYER FOR RELIEF

Plaintiff Advanced Risk Managers, LLC prays for judgment and relief as follows:

1. For a judgment and order declaring that the prior release between the parties does not encompass the present claims, and ARM did not release and discharge its present claims against Equinox;

2. For an award of compensatory damages, including general and special damages according to proof;

3. For restitution and disgorgement of monies unjustly retained by Equinox;

4. For pre- and post-judgment interest as provided by law;

5. For an ward of reasonable attorney's fees and costs; and

6. For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Advanced Risk Managers, LLC demands a trial by jury.

Dated:  June 11, 2019                                              PRATHER LAW OFFICES


By: /s/ Edwin K. Prather
       EDWIN K. PRATHER

Attorneys for Plaintiff
ADVANCED RISK MANAGERS, LLC

Exhibit B

# RELEASE AGREEMENT

This Release Agreement (the "Agreement"), effective as of the date last signed below, is made and entered into between and among:

- Advanced Risk Managers, LLC, a California limited liability company with its principal place of business at 4093 17th Street in San Francisco, CA ("ARM");
- Mimi Choi, an individual residing in San Francisco ("Ms. Choi");
- Renaissance Reinsurance US Inc., a Maryland corporation with its principal place of business at 140 Broadway, 42nd Floor in New York, NY ("RR"); and
- Equinox Management Group, Inc., a Delaware corporation with its principal place of business at 800 Kinderkamack Road in Oradell, NJ ("Equinox").

Whereas:

A. The parties are involved in certain litigation in the U.S. District Court for the Northern District of California which has been assigned Case Number 4:18-cv-00264-JST (the "Dispute").

B. On October 15, 2018, the Dispute settled in full during a conference with Magistrate Judge Laurel Beeler in San Francisco. The parties agreed on confidential settlement terms, which Magistrate Judge Beeler read into the record. *See* ECF No. 56.

C. The parties desire to release each other from any and all claims related to the Dispute.

Now, therefore, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. **No Admission.** It is understood and agreed by the parties that this Agreement and the performance of the conditions and provisions hereunder is not to be construed as an admission of any liability whatsoever on the part of either party.

2. **Release by ARM and Ms. Choi.** ARM and Ms. Choi, for themselves and on behalf of each of their heirs, executors, administrators, representatives, agents, officers, shareholders, members, managers, partners, predecessors, successors, and assigns hereby irrevocably and unconditionally, knowingly, and voluntarily, release, acquit, and forever discharge each of RR and Equinox, and each of their heirs, executors, administrators, representatives, agents, officers, shareholders, partners, predecessors, successors, and assigns (the "RR Releasees") from all claims related to or arising from the Dispute or which ARM or Ms. Choi may otherwise have against the RR Releasees, whether known, unknown, suspected, or unsuspected, which exist or may have existed from the beginning of time through the effective date of this Agreement.

3. **Release by RR and Equinox.** RR and Equinox, for themselves and on behalf of each of their heirs, executors, administrators, representatives, agents, officers, shareholders, members, managers, partners, predecessors, successors, and assigns hereby irrevocably and unconditionally, knowingly, and voluntarily, release, acquit, and forever discharge each of ARM and Ms. Choi, and each of their heirs, executors, administrators, representatives, agents, officers, shareholders, partners, predecessors, successors, and assigns (the "ARM Releasees") from all claims related to or arising from the Dispute or which RR or Equinox may otherwise have against the ARM Releasees, whether *known, unknown,* suspected, or unsuspected, which exist or may have existed from the beginning of time through the effective date of this Agreement.

4. **California Civil Code § 1542**. Each party waives any and all rights under California Civil Code Section 1542, which states:

    **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

    The foregoing shall in no way be construed to limit or prevent any party's ability to enforce the terms of this Agreement.

IN WITNESS WHEREOF, the undersigned parties agree to each of the above terms, conditions, and provisions.

| **Advanced Risk Managers, LLC** | **Mimi Choi** |
|---|---|
| Date: 10/16/18 <br> Signature: *[signed]* <br> Print Name: Mimi Choi <br> Title: President | Date: 10/16/2018 <br> Signature: *[signed]* <br> Print Name: <br> Title: |
| **Renaissance Reinsurance US Inc.** | **Equinox Management Group, Inc.** |
| Date: <br> Signature: <br> Print Name: <br> Title: | Date: <br> Signature: <br> Print Name: <br> Title: |

2

4. **California Civil Code § 1542.** Each party waives any and all rights under California Civil Code Section 1542, which states:

   A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

   The foregoing shall in no way be construed to limit or prevent any party's ability to enforce the terms of this Agreement.

IN WITNESS WHEREOF, the undersigned parties agree to each of the above terms, conditions, and provisions.

| Advanced Risk Managers, LLC | Mimi Choi |
|---|---|
| Date: 10/16/18 | Date: 10/16/2018 |
| Signature: /s/ | Signature: /s/ |
| Print Name: Mimi Choi | |
| Title: President | |

| Renaissance Reinsurance US Inc. | Equinox Management Group, Inc. |
|---|---|
| Date: 10-17-18 | Date: 10-17-18 |
| Signature: James M. Conry | Signature: /s/ |
| Print Name: James M. Conry | Print Name: Edward G. McAndrew |
| Title: S.V.P. & General Counsel | Title: S.V.P. Equinox Mgmt Grp, Inc. |

2

## PROOF OF SERVICE BY E-MAIL & U.S. MAIL

(3:18-cv-00264-JST)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 615 N Paulina Ave, Redondo Beach, CA 90277. I served a true copy of the attached document(s) titled exactly:

**DECLARATION OF H. MARC RUPP IN SUPPORT OF ADMINISTRATIVE MOTION TO RELATE CASES**

**BY E-MAIL** on the following parties to this action by e-mailing a true and correct copy of the above document to the following:

| | |
|---|---|
| Edwin K. Prather<br>Edwin@pratherlawoffices.com<br>Sybil L. Renick<br>Sybil@pratherlawoffices.com | Attorneys for<br>Advanced Risk Managers, LLC |

**BY MAIL** on the following parties to this action by enclosing a true copy of the above document in a sealed envelope addressed as follows:

EDWIN K. PRATHER
SYBIL L. RENICK
PRATHER LAW OFFICES
245 Fifth Street, Suite 103
San Francisco, California 94103

I placed such envelopes with postage thereon fully prepaid for deposit in The United States mail with the United States Postal Service.

Executed on August 14, 2019 at Redondo Beach, California.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

H. Marc Rupp